UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER GREEN,

        Plaintiff,

v.                                            CASE NO. 2:14-CV-11165
                                            HONORABLE LAWRENCE P. ZATKOFF

JAMES CALLAHAN, et al.,

        Defendants.
_____/

## **OPINION AND ORDER DISMISSING THE CIVIL RIGHTS COMPLAINT**

### I.    Introduction

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Walter Green, a pre-trial detainee confined at the Wayne County Jail in Detroit, Michigan, challenges his ongoing state criminal proceedings. He names Wayne County Circuit Court Judge James Callahan, Wayne County Prosecutor Kym Worthy, and Detroit Police Officers Daniel Woods and Kyle Debets as the defendants in this action and sues them in their official capacities. He seeks injunctive relief, including dismissal of his state criminal case. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Having reviewed the complaint, the Court concludes that it must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted and on the basis of immunity. The Court also concludes that an appeal cannot be taken in good faith.

### II.    Legal Standards

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that

the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief from government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United

2

States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

**III.     Analysis**

Plaintiff's complaint, which challenges his state criminal proceedings, is subject to summary dismissal because Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying

basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on his claims, his continued confinement (as a pretrial detainee) would be called into question. Consequently, his complaint is barred by *Heck* and must be dismissed.[1]

Additionally, Plaintiff's claims against the state court judge are subject to dismissal based upon absolute judicial immunity. Judges are entitled to absolute judicial immunity on claims for monetary damages under 42 U.S.C. § 1983. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). The 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *Hass v. Wisconsin, et al.*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Plaintiff's claims

---

[1] In his complaint, plaintiff also states that he is "being housed around black mold." Such an allegation concerns a condition of confinement. Plaintiff, however, fails to provide any factual details, fails to cite a legal provision for such a claim, and fails to name a defendant who is responsible for his housing in his complaint. Conclusory allegations without factual support are insufficient to state a civil rights claim. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57. Any such claim is thus subject to dismissal for failure to state a claim upon which relief may be granted under § 1983.

against the state court judge concern the performance of his judicial duties.  The judge is therefore entitled to absolute judicial immunity, and Plaintiff's claims against him must be dismissed for this additional reason.

**IV.     Conclusion**

The Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint and that the defendant state court judge is entitled to immunity.  Accordingly, the Court **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Lastly, the Court concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2014